UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANTHONY VIRGIL JASPER, a/k/a
Weasel,
            *Defendant-Appellant.*

No. 00-4622

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-00-87-1)

Submitted: April 6, 2001

Decided: April 26, 2001

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert L. Jenkins, Jr., BYNUM & JENKINS, P.L.L.C., Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Thomas M. Hollenhorst, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony Virgil Jasper appeals his conviction and life sentence of imprisonment for robbery, and firearms and drug-related offenses. He specifically appeals admission into evidence of testimony concerning identification from a photo array and the subsequent in-court identification. We review admissibility of evidence questions for abuse of discretion. *See United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). Finding none, we affirm.

Jasper and Antoine Porter, a co-conspirator, demanded entry at gunpoint into the home of Brian Atkinson. The assailants beat Atkinson and his roommate Zella Trampota, forced Atkinson to unlock his gun safe, and held Atkinson and Trampota in the bathroom at gunpoint while firearms from the safe were loaded into Porter's car. Atkinson positively identified Porter from prior associations. Porter testified at trial that Jasper was his accomplice.

Atkinson and Trampota provided a description of the second assailant on the night of the robbery. Ten days later, they cooperated with a police artist to create a composite sketch of the second assailant. Both witnesses noted distinctive acne scars on the assailant's cheeks. The following day, the witnesses were presented with a photo array depicting six African-American males. Atkinson identified Jasper. Trampota could not make a conclusive identification, but indicated Jasper was the most likely to be the second assailant. Trampota testified that when she could not positively identify the assailant from the photo array, the detective pointed out the person identified by Atkinson and stated that Trampota should have also been able to identify the same person. Both Atkinson and Trampota subsequently identified Jasper in court.

Jasper argues that the photo array was impermissibly suggestive and that the subsequent in-court identification was therefore tainted.

Jasper contends he was the only person with distinctive acne scarring depicted in the array. Each of Jasper's arguments were fully developed on cross-examination and before the jury for consideration.

Courts engage in a two-step analysis when a defendant challenges an identification procedure. First, the defendant "must prove that the identification procedure was impermissibly suggestive. Once this threshold is crossed, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." *Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994) (citations omitted). If the court concludes the confrontation procedure was not impermissibly suggestive, the inquiry ends. *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985); *cf. Harker v. Maryland*, 800 F.2d 437, 444 (4th Cir. 1986) (ending analysis after finding photographic array and show-up not impermissibly suggestive). If, however, the court finds the identification impermissibly suggestive, the court then determines whether under the totality of the circumstances, "there is 'a very substantial likelihood of irreparable misidentification.'" *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) (*quoting Simmons v. United States*, 390 U.S. 377, 384 (1968)).

The Supreme Court enumerated five factors to be considered in deciding the admissibility of identification testimony. These factors, which inform the reliability of the identification, are: "[1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of his prior description of the criminal, [4] the level of certainty demonstrated at the confrontation, and [5] the time between the crime and the confrontation." *Manson*, 432 U.S. at 114. Because deciding on the reliability of evidence is a function of the jury, the Constitution does not mandate a per se rule that an evidentiary hearing on the admissibility of identification evidence is needed. *Watkins v. Sowders*, 449 U.S. 341, 347-49 (1981).

We have reviewed the record and find that although the photo array itself and accompanying identification procedure were not ideal, neither was impermissibly suggestive. Jasper was not the only individual pictured with acne scarring and bore physical resemblance to the other persons depicted. Both witnesses testified confidently in their in-person, in-court identifications. The cross-examination brought any

possible flaws to the attention of the jury. The weight and trustworthiness of Atkinson's and Trampota's identification testimony properly was left to the jury. We conclude the district court did not abuse its discretion by admitting the photo array or the in-court identification testimony. Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*